IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. CR405-012 |
| ) | |
| DONALD LEE UBELE, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Defendant's "Motion for Relief Pursuant to [Federal Rule of Civil Procedure] 60(b)." (Doc. 149.) Defendant requests "vacatur of this Court's judgment that is void for lack of subject-matter jurisdiction." (Id. at 1.) After careful consideration, Defendant's motion is **DENIED**.[1]

Federal Rule of Civil Procedure 60 "does not provide for relief from judgment in a criminal case." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Because a district court lacks jurisdiction to consider a motion under Rule 60 of the Federal Rules of Civil Procedure in a criminal case, United States v. Whisby, 323 F. App'x 781, 782 (11th Cir. 2009), Rule 60 "cannot be used

---

[1] Accordingly, Defendant's request for counsel (Doc. 152) is **DISMISSED AS MOOT**. Also, though Defendant reference habeas in passing, his claim is not an attack on the procedures used to deny a previous § 2255 motion, but rather that the Court lacked subject-matter jurisdiction over his criminal case.

to challenge a sentence." United States v. Zuluaga, 192 F. App'x 944, 945 (11th Cir. 2006). Therefore, Defendant cannot rely on Rule 60(b) to collaterally challenge matters related to his criminal case.

SO ORDERED this 26th day of November 2012.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA